**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

KATRINA DURHAM                                                                                          PLAINTIFF

V.                                                                                   Civil Action No. 3:04cv199HTW-LRA

ADVANCE STORES COMPANY, INC.                                                                  DEFENDANT

**ORDER**

Before this court is defendant Advance Stores Company, Inc.'s ("Advance") motion to dismiss or, in the alternative, for appropriate sanctions [docket # 40]. Earlier, the parties presented oral arguments.

Seeking dismissal on the ground that plaintiff's counsel, Catouche Body, directly violated Rule 4.2 of the Mississippi Rules of Professional Conduct;[1] defendant accuses Mr. Body of communicating, *ex parte*, with Chester Bishop and Eugene Thomas, two former store managers of defendant Advance, without the consent of defense counsel.

---

[1] Rule 4.2 of the Mississippi Rules of Professional Conduct provide: In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has consent of the other lawyer or is authorized by law to do so.

The Comment to Rule 4.2 in pertinent part provide: "In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f)." MRPC 4.2, cmt.

Defendant claims its case has been irreparably prejudiced, and that this court should dismiss this lawsuit or, in the alternative, should sanction Mr. Body.  The defendant has cited neither case law nor any Federal Rule of Civil Procedure to support this motion before the court.

After careful review, this court has found no Mississippi case which squarely addresses the issue of whether an opposing party's counsel may contact a former employee of an adverse party corporation without consulting the former employer's counsel.  Although the jurisprudence on this issue has not reached a unanimous consensus throughout the country, overwhelming authority seems to permit such communication.  Compare *Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp.899 (E. D. Pa.1991) (Pennsylvania's rule of professional conduct restricting *ex parte* communication between attorney and party represented by another attorney allowed defense counsel to make *ex parte* contacts with plaintiff's former employees) *(see also Dauro v. Allstate Ins. Co.*, 2003 WL 22225579 (S.D. Miss.), with *Public Serv. Elec & Gas v. Associated Elec & Gas*, 745 F. Supp. 1037, 1039 (D. N. J. 1990) (*ex parte* communications with former employees of adverse party corporation prohibited).

Clearly, neither the text of Rule 4.2 of the Mississippi Rules of Professional Conduct, nor its official comment contains any explicit reference to former employees; however, Mississippi Bar Association' s Formal Opinion No. 215 (March 4, 1994) offers the following insight:

> In  representing a client, a lawyer may ethically communicate, ex-parte, with an unrepresented individual that was formerly employed by a represented party.  Neither the text nor Rule 4.2 prohibits such contacts; However, other professional rules of conduct proscribe attorney's conduct

in dealing with unrepresented individuals.

Aligned with majority view, as well with the Formal Opinion of the State's Bar Association, this court concludes that the *Action Air Freight* case is more persuasive.

Three arguments readily come to mind why counsel may conduct *ex parte* interviews of the former employees of an adverse corporate party: first, the language of Rule 4.2 does not cover former employees; secondly, no current attorney-client relationship exists; and thirdly, former employee's statements cannot bind the corporation and are not excluded from the hearsay rule as admissions. Merrick T. Rossein, Employment Discrimination Law and Litigation § 14:54. *See, e.g., Action Air Freight, Inc. v. Pilot Air Freight*, 769 F.Supp. 899 (E.D. Pa. 1991); *Hanntz v. Shiley, Inc.,* 766 F.Supp. 258 (D.N.J. 1991); *In the Matter of Torch*, 1996 WL 185765 (E.D. La.).

This court, therefore, will not consider any statements from Mr. Bishop or Mr. Thomas as an "admission against interest" as Mr. Bishop and Mr. Thomas were not agents of Advance at the time of their interview by plaintiff's counsel. Their knowledge of the working relationship between Ms. Durham and other employees of Advance, though, is subject to discovery by Ms. Durham without the necessity of Advance's approval, unless the court is advised that their averments will impact upon any privileged communication with corporate counsel. Defendant's motion for dismissal, then, fails to establish the requisite first prong – improper communication.

Defendant's motion also fails in its address of the second prong – irreparable prejudice. Defendant has not shown such. More specifically, defendant has not shown

how the information learned by plaintiff's counsel will not be produced eventually during proper discovery, through depositions of, or interrogatories to, these two witnesses or others.

### Conclusion

Having considered the appropriate juridical principles of the undisputed material facts of this motion, this court is persuaded that Rule 4.2 of the Mississippi Rules of Professional Conduct does not apply to former employees. The parties' submissions, as well as arguments before the court, show that this lawsuit should not be dismissed, nor should any sanctions be levied against Mr. Body by this court.  Plaintiff's counsel may interview former employees of Advance, *ex parte*, provided he does not address areas which are subject to any privilege.

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2007.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-199 HTW-LRA
Order